[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Arnold Granados, Defense Counsel for Petitioner.
Jonathon Benedict, Assistant State's Attorney, for the State.
MEMORANDUM OF DECISION
BY THE DIVISION
Convicted after a jury trial of felony murder in violation of Connecticut General Statutes Section 53a-54c, the petitioner received a sentence of sixty (60) years. This CT Page 2545 sentence was ordered to run concurrent to a total effective sentence of fifteen years for robbery in the first degree and assault in the first degree on another case for which the petitioner has also sought review by this division. (See State v. Williams, Docket No. 34,737.)
A witness to the incident said he was with the victim on August 28, 1989 when the petitioner and two other males approached them. The petitioner was carrying a gun and ordered the victim to lie on the sidewalk where he took $5.00 from the victim and struck him four or five times in the head with the gun. The victim and the witness were then taken by petitioner to a driveway at 54 Sixth Street in Bridgeport where both were ordered to lie down with their arms across their chests. The witness begged the petitioner and the other males with him not to shoot them. He related he heard whispering amongst the assailants and shortly thereafter all three started shooting at the victim and the witness. The witness suffered a gun shot wound to the thigh and saw the victim get up and try to run. Despite his injury, the witness was able to make good his escape but the victim died as a result of a bullet wound to the back of the head.
The petitioner was charged with felony murder, murder, attempted murder, robbery in the first degree, attempted assault in the first degree, assault in the second degree, carrying a pistol without a permit and criminal possession of a revolver. The jury convicted him of the single count of felony murder.
Counsel for the petitioner asks us to consider the lack of evidence with regard to the conviction and emphasizes the fact the petitioner was found not guilty of six other charges. We reiterate the often enunciated fact that the division's review is limited to the fairness and proportionality of each sentence considering the precepts set forth in Practice Book Section 942 as applied to the petitioner. We are not authorized to review the conviction, the underlying evidence, the credibility of the witnesses or in any other aspect other than the sentence. See Connecticut General Statutes Section 51-196. The petitioner was convicted of felony murder by the jury and this is not the forum for attaining that result.
As to the petitioner, his attorney takes issue with the sentencing judge's remarks to the effect that the defendant had no redeeming qualities and was thus not amenable to rehabilitation. He asks that we consider the climate of violence in which he was raised, the fact that petitioner himself was shot five times in the past and urges that a CT Page 2546 reduction from the sixty (60) year sentence would greatly enhance his incentive to benefit from rehabilitation.
The state asks that we consider the nature of the offense, an execution style killing by gunshot to the victim's head while forced to lie on the sidewalk. Also, we are asked to note petitioner's conviction in his other case of robbery and assault in the first degree for which he received a fifteen (15) year concurrent sentence. His prior record consists of assaults in the first, second and third degrees, carrying a weapon in a motor vehicle in 1980 and carrying a pistol without a permit in 1987. The state asks that we modify the sentence to make it consecutive.
Speaking on his own behalf, the petitioner claims he is innocent and a victim of his environment and the judicial system. He asks the he not be judged by his past adding that had he committed the offense he certainly would have negotiated a plea agreement. Finally, he complains that the Bridgeport police have used him as a scapegoat.
The sentencing court remarked on the petitioner's violent lifestyle and said his involvement in the death of a person must result in severe punishment. He added: "There is no remorse here, there is a challenge to the system, which is fine if he wants to maintain it, but it is not impressive . . . [to] . . . the court at this stage of the proceeding. I think the only way to protect society is to get Mr. Williams off the street for as long as possible."
It is clear the petitioner's propensity for violence has finally escalated to the point where a human being has lost his life in a ruthless and senseless series of events directed by the petitioner. His prior criminal record and his conviction for assault and robbery in June of the previous year serve to underscore his intensified criminal activity. Apparently not remorseful, the petitioner has launched a wholesale attack on his conviction, blaming the police, the court and untruthful witnesses for his present circumstances.
Applying the guidelines set forth in Practice Book Section 942, we conclude that the sentence imposed was not disproportionate or inappropriate.
The sentence is affirmed.
STANLEY, JUDGE
PURTILL, JUDGE CT Page 2547
KLACZAK, JUDGE